IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., ET AL., | : |
| Plaintiffs, | : CASE NO.. 2:12-CV-792 |
| v. | : JUDGE EDMUND A. SARGUS |
| OHIO SECRETARY OF STATE JON HUSTED, | : MAGISTRATE JUDGE TERENCE P. KEMP |
| Defendant. | : |

### ANSWER OF DEFENDANT
### OHIO SECRETARY OF STATE JON HUSTED

Now comes the Defendant Ohio Secretary of State Jon Husted and, for his answer to the Plaintiffs' Complaint states as follows:

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendant Ohio Secretary of State ("Defendant") states that both the Complaint and the NVRA speak for themselves. To the extent a response is required, the allegations are denied.

2. The allegations contained in Paragraph 2 of the Complaint contain a legal conclusion and no further response is required.

3. The allegations contained in Paragraph 3 of the Complaint contain a legal conclusion and no further response is required.

4. Defendant denies for lack of knowledge the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies for lack of knowledge the allegations contained in Paragraph 5 of the Complaint.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, Defendant admits the he is the Secretary of State and avers that he has served in that capacity since January 10, 2011. The remaining allegations contained in Paragraph 6 of the Complaint contain a legal conclusion and no further response is required.

7. With respect to the allegations contained in Paragraph 7 of the Complaint, Defendant states that the NVRA, codified in 42 U.S.C. § 1973gg *et seq.*, speaks for itself and no further response is required.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, Defendant states that the NVRA, codified in 42 U.S.C. § 1973gg *et seq.*, speaks for itself and no further response is required.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, Defendant admits that the 2010 Decennial U.S. Census was conducted and released by the U.S. Government beginning in February of 2011 and that it contains data on voting age population in 2010, by county, for the State of Ohio. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, Defendant states that the 2010 U.S. Census and the EAC Report speak for themselves. Further answering, Defendant denies that the State of Ohio has failed to comply with its voter list maintenance obligations under Section 8 of the NVRA. Defendant avers that he has made accurate, up-to-date voter rolls a top priority of his administration. When Secretary Husted took office, the majority of

      records in the Statewide Voter Registration were incomplete, and Secretary Husted has: (1) Enhanced the accuracy of the Statewide Voter Registration Database with data from the Bureau of Motor Vehicles, increasing the percentage of complete records from 25% to 78%; (2) Improved voter list maintenance by instituting a comprehensive process for removing deceased voters and resolving duplicates by obtaining not only in-state death records (maintained by the Ohio Department of Health), but also out-of-state death records so that boards of elections have record of when Ohio residents pass away outside of the state of Ohio; (3) Instituted on-line change of address for registered voters; (4) Proactively mailed letters to voters who have moved out of state asking them to cancel their Ohio registrations when they register to vote in their new states; and (5) Called on the federal Department of Justice to clarify conflicting requirements under the National Voter Registration Act (NVRA) that limit what boards of elections can do to keep ineligible voters off the rolls, even in cases where Ohio counties have more registered voters than people of voting age.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, Defendant states that the 2010 U.S. Census and the EAC Report speak for themselves.  Further answering, Defendant denies that the State of Ohio has failed to satisfy its voter list maintenance obligations under Section 8 of the NVRA and incorporates his answer contained in Paragraph 10 above.  According to an analysis conducted by the Cleveland Plain Dealer, Defendant also avers that since 2008, statewide, the number of voters on the voter registration rolls has fallen 5.9 percent from 8,301,283 to 7,811,402.  *See*

3

http://www.cleveland.com/datacentral/index.ssf/2012/09/ohio_voter_registration_list_i.html.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, Defendant states that the U.S. Census statistics speak for themselves.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, Defendant states that the "Pew Study" speaks for itself. Further answering, Defendant denies that the State of Ohio has failed to satisfy its voter list maintenance obligations and incorporates his answer contained in Paragraph 10 above.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, Defendant admits that he received a letter from Judicial Watch, which was dated February 6, 2012. Further answering, Defendant states that the letter speaks for itself.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, Defendant states that the letter speaks for itself.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, Defendant admits that on March 2, 2012, his Chief Legal Counsel responded to the Judicial Watch and further admits that Directive 2011-15 was issued on April 18, 2011. Further answering, Defendant states that the letter dated March 2, 2012 and Directive 2011-15 speak for themselves. To the extent a further response is required, the allegations contained in Paragraph 16 of the Complaint are denied.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Defendant states that the letter dated March 2, 2012 in response to Judicial Watch

        speaks for itself. To the extent a further response is required, the allegations contained in Paragraph 17 of the Complaint are denied.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, Defendant states that the letter dated March 2, 2012 in response to Judicial Watch speaks for itself.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Defendant admits that the only documents that were included with his March 2, 2012 response to Judicial Watch included a copy of Directive 2011-15 and a copy of a letter that he sent to Attorney General Holder, dated February 10, 2012. Further answering, Defendant states that the February 10, 2012, letter to Attorney General Holder speaks for itself. To the extent a further response is required, the allegations contained in Paragraph 19 of the Complaint are denied.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies for lack of knowledge the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies for lack of knowledge the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies for lack of knowledge the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies for lack of knowledge the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies for lack of knowledge the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint contain a legal conclusion and no further response is required.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies for lack of knowledge the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies for lack of knowledge the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies for lack of knowledge the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, Defendant denies that the State of Ohio has failed to satisfy its voter list maintenance obligations under Section 8 of the NVRA or that True the Vote has suffered any injury. Defendant denies for lack of knowledge the remaining allegations contained in Paragraph 35 of the Complaint.

36. With respect to the allegations contained in Paragraph 36 of the Complaint, Defendant denies that the State of Ohio has failed to satisfy its voter list maintenance obligations under Section 8 of the NVRA or that True the Vote has

suffered any injury. Defendant denies for lack of knowledge the remaining allegations contained in Paragraph 36 of the Complaint.

37. With respect to the allegations contained in Paragraph 37 of the Complaint, Defendant denies that the State of Ohio has failed to satisfy its voter list maintenance obligations under Section 8 of the NVRA or that True the Vote has suffered any injury. Defendant denies for lack of knowledge the remaining allegations contained in Paragraph 37 of the Complaint.

38. With respect to the allegations contained in Paragraph 38 of the Complaint, Defendant re-alleges and restates his answers contained in the foregoing Paragraphs 1-37.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies that the Plaintiff is entitled to any relief requested in the Prayer for Relief or to any relief whatsoever.

44. Defendant denies each and every allegation not specifically admitted.

Wherefore, having answered the Plaintiff's Complaint, Ohio Secretary of State Jon Husted raises the following defenses, including affirmative defenses.

**FIRST DEFENSE**

45. The Ohio Secretary of State and State of Ohio have complied with their obligations under 42 USC § 1973gg *et seq*.

**SECOND DEFENSE**

46. Plaintiffs lack standing to bring this action.

**THIRD DEFENSE**

47. Plaintiffs failed to comply with 42 USC § 1973gg-9.

**FOURTH DEFENSE**

48. This Court lacks subject matter jurisdiction to hear Plaintiffs' claims.

**FIFTH DEFENSE**

49. The Ohio Secretary of State reserves the right to add additional defenses, including additional affirmative defenses, as may be disclosed during the course of this proceeding.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    */s/ Aaron D. Epstein*
    AARON D. EPSTEIN (0066230)
      *Trial Counsel*
    MICHAEL J. SCHULER (0082390)
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    aaron.epstein@ohioattorneygeneral.gov
    michael.schuler@ohioattorneygenearl.gov

    *Counsel for Defendant*
    *Ohio Secretary of State Jon Husted*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Answer of Defendant Ohio Secretary of State Jon Husted* was electronically filed with the U.S. District Court, Southern District of Ohio, on September 21, 2012, and served upon all parties of record via the court's electronic filing system.

*/s/ Aaron D. Epstein*
AARON D. EPSTEIN (0066230)
Assistant Attorney General

9