IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. and TRUE THE VOTE, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 2:12-cv-792 |
| v. | ) ) | |
| JON HUSTED, Ohio Secretary of State, in his official capacity, | ) ) ) | |
| *Defendant*. | ) ) | |

**RULE 26(f) REPORT OF PARTIES**

Pursuant to the Court's October 16, 2012 Notice, the parties to the above captioned-case hereby jointly file this Rule 26(f) Report.

**1. Meeting.**

In accordance with F.R.Civ.P. 26(f), a meeting was held on November 1, 2102 and was attended by:

Chris Fedeli, counsel for Plaintiffs Judicial Watch and True the Vote
Joshua Bolinger, counsel for Plaintiffs Judicial Watch and True the Vote
Aaron D. Epstein, counsel for Defendant Ohio Secretary of State
Michael J. Schuler, counsel for Defendant Ohio Secretary of State

**2. Consent to Magistrate Judge.**

The parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) or (c).

**3. Initial Disclosures.**

The parties will exchange the initial disclosures required by Rule 26(a)(1) by December 14, 2012.

**4. Jurisdiction and Venue**.

a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

There are no contested issues related to personal jurisdiction or venue.  Defendant, however, contests subject matter jurisdiction/standing.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

Possible depositions and/or written discovery responses from designated party representatives.

c. Recommended date for filing motions addressing jurisdiction and/or venue:

November 29, 2013.

**5.  Amendments to Pleading and/or Joinder of Parties**.

a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: December 21, 2012

b. If class action, recommended date for filing motion to certify the class: N/A

**6.  Recommended Discovery Plan**.

a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:

Plaintiffs will seek discovery on the following subjects: election administration under the National Voter Registration Act (NVRA); the use of NVRA mailing notices for voter address confirmation and list removal; the use of NVRA registration cards for maintaining accurate voter registration lists; underlying NVRA data used to provide information to the U.S. Election Assistance Commission; state election administration personnel, job responsibilities, and policies; efforts to conduct a program for the removal of registrations based on jury declinations, state and local tax return address information, death records, criminal convictions, incarceration records, and U.S. Attorney communications.

Defendant will seek discovery only with respect to the standing of all Plaintiffs.

b. What changes should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None.

c. The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

The parties agree the producing party will provide the requesting party with all electronically stored information (ESI) as text searchable image files (e.g., PDF or TIFF), unless unduly burdensome or cost-prohibitive, or as otherwise agreed.  All ESI will be produced on CD or DVD, by e-mail, or by other electronic means, as appropriate.  Plaintiffs specifically need certain ESI to be produced in electronic format, including but not limited to Ohio's statewide voter registration lists and NVRA mailing notices.

d. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

The parties acknowledge that the production of voter registration information which names specific individual voters may, in some cases, require certain privacy protections.  The parties anticipate agreeing to terms of a protective order which will allow this information to be produced.

The parties agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege.  When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document(s) shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log and the receiving party's counsel shall not use such information for any purpose until further order of the Court.  Any analyses, memoranda, or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

e. Identify the discovery, if any, that can be deferred pending settlement discussion and/or resolution of potentially dispositive motions:

None.

f. The parties recommend that discovery should proceed in phases, as follows:

The parties agree to conduct discovery in phases, stipulating the below dates for the completion of all initial discovery in certain categories.  However, in agreeing to these dates, both parties recognize that some amount of discovery in each category may be necessary outside of these dates if later discovery reveals substantially new information which was neither available nor reasonably knowable at an earlier stage.

Completion of initial production of documents and interrogatory responses: March 29, 2013.
Completion of initial fact witness depositions: June 28, 2013.
Completion of initial expert witness depositions: October 31, 2013.

g. Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P. Rule 26(a)(2):

Plaintiffs plan to present expert testimony concerning the proper standards and procedures of election administration under the NVRA.  Plaintiffs' expert(s) will be specially retained.

Defendant believes that no expert testimony is required or appropriate for this action.

    i.        Recommended date for making primary expert designations: July 30, 2013.

    ii.       Recommended date for making rebuttal expert designations: August 30, 2013.

h. Recommended discovery completion date(s):  October 31, 2013 for all discovery necessary for the parties' dispositive motions; January 30, 2014 for all remaining discovery (if any).

**7.  Dispositive Motion(s).**

Recommended date for filing dispositive motions: November 29, 2013.

**8.  Settlement Discussions.**

a. No settlement demand has been made.

b. Date by which a settlement demand can be made: June 3, 2013.

c. Date by which a response can be made: June 24, 2013.

**9.  Settlement Week Referral**.

The parties believe this case is unsuitable for alternative dispute resolution, and further believe that efforts directed at mediation are unlikely to be productive.  Notwithstanding the foregoing, the earliest Settlement Week referral reasonably likely to be productive is the week of July 15, 2013.

**10.  Other Matters.**

None.

| Dated: November 15, 2012 | Respectfully submitted, |
|---|---|
| Michael DeWine<br>Ohio Attorney General<br><br>*/s/ Aaron D. Epstein*<br>Aaron D. Epstein<br>Ohio Bar No. 0066230<br>Michael J. Schuler<br>Ohio Bar No. 0082390<br>Assistant Attorneys General<br><br>Constitutional Offices Section<br>30 East Broad Street, 16th Floor<br>Columbus, Ohio 43215<br>Tel: (614) 466-2872<br>Fax: (614) 728-7592<br>aaron.epstein@ohioattorneygeneral.gov<br>michael.schuler@ohioattorneygeneral.gov<br><br>*Trial Attorneys for Defendant* | */s/ Chris Fedeli*<br>Paul J. Orfanedes<br>Chris Fedeli<br>Admitted *Pro Hac Vice*<br><br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Ste. 800<br>Washington, DC 20024<br>Tel: (202) 646-5172<br>Fax: (202) 646-5199<br>Email: porfanedes@judicialwatch.org<br>         cfedeli@judicialwatch.org<br><br>David R. Langdon<br>Ohio Bar No. 0067046<br>Joshua B. Bolinger<br>Ohio Bar No. 0079594<br><br>LANGDON LAW LLC<br>8913 Cincinnati-Dayton Rd.<br>West Chester, Ohio 45069<br>Tel: (513) 577-7380<br>Fax: (513) 577-7383<br>Email: dlangdon@langdonlaw.com<br>         jbolinger@langdonlaw.com<br><br>*Trial Attorneys for Plaintiffs*<br><br>*Of Counsel:*<br><br>J. Christian Adams<br><br>ELECTION LAW CENTER, PLLC<br>300 N. Washington Street, Ste. 405<br>Alexandria, VA 22314 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Chris Fedeli*
Chris Fedeli
